UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUSAN COLBERT,

        Plaintiff,

   v.

CITY OF NEVADA CITY, a municipality, LOU TROVATO, in his capacity as Chief of Police for the CITY OF NEVADA CITY, BOB MICANDER, individually and in his capacity as a police officer for the CITY OF NEVADA CITY, PAUL ROHDE, individually and in his capacity as a police officer for the CITY OF NEVADA CITY and DOES 1-100, inclusive,

        Defendants.

2:06-CV-1122-MCE-DAD

MEMORANDUM AND ORDER

----oo0oo----

Through the present action, Plaintiff Susan Colbert seeks damages from Defendants as a result of the circumstances surrounding her arrest by law enforcement personnel on May 19, 2005.

///

1

Plaintiff asserts various federal constitutional claims under 42 U.S.C. § 1983, as well as state constitutional claims under the California Constitution.  Plaintiff also advances the following state tort claims: assault and battery ("fourth cause of action"), negligence, negligent selection, training, retention, supervision, investigation, and discipline, and a theory of respondeat superior (collectively "fifth through seventh causes of action").[1]

Defendants now move to dismiss the fifth through seventh causes of action for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).  For the reasons set forth below, Defendants' Motion is denied.[2]

**BACKGROUND**

On May 19, 2005, Plaintiff arrived home to discover her house on fire.  Plaintiff called 9-1-1, and emergency personnel responded to the scene.  At some point, Plaintiff expressed frustration with the speed of the response.  According to Plaintiff, Defendant Rohde, a police officer, approached Plaintiff and told her to "shut up," precipitating a verbal altercation between Plaintiff and Defendant Rohde.

///

---

[1] This Court has supplemental jurisdiction over Plaintiff's state law claims under 28 U.S.C. § 1367.

[2] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

1  Plaintiff claims that Defendant Rhode and Defendant Micander then
2  arrested her and physically handled her in an "aggressive"
3  manner.  Plaintiff asserts that she suffered physical injury and
4  emotional distress as a result of Defendants' conduct.
5      On November 18, 2005, Plaintiff submitted a claim for
6  damages ("Claim") with the City of Nevada City.  On November 23,
7  2005, the City rejected Plaintiff's Claim via letter.  Plaintiff
8  commenced the present action on May 23, 2006.
9      In seeking to dismiss Plaintiff's fifth through seventh
10 causes of action, Defendants contend that Plaintiff's failure to
11 allege the fifth through seventh causes of action in the Claim
12 precludes her from raising them in the present litigation.
13 Defendants argue that, because the fifth through seventh causes
14 of action diverge substantially from the facts asserted in the
15 Claim, Defendants received insufficient notice of these claims
16 and therefore Plaintiff should be barred from asserting them in
17 the present civil lawsuit.  In opposition, Plaintiff counters
18 that the fifth through seventh causes of action are closely
19 related to the facts as presented in the Claim. Plaintiff
20 therefore contends that Defendants had adequate constructive
21 notice of these claims, and alleges that she should not be barred
22 from asserting said causes of action in her Complaint.
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

3

1 **STANDARD**

2

3    On a motion to dismiss for failure to state a claim under
4 Rule 12(b)(6), all allegations of material fact must be accepted
5 as true and construed in the light most favorable to the
6 nonmoving party.  *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336,
7 337-38 (9th Cir. 1996).  A complaint will not be dismissed for
8 failure to state a claim "'unless it appears beyond doubt that
9 plaintiff can prove no set of facts in support of [his or] her
10 claim that would entitle [him or] her to relief.'"  *Yamaguchi v.*
11 *Dep't of the Air Force*, 109 F.3d 1475, 1480 (9th Cir. 1997)
12 (quoting *Lewis v. Tel. Employees Credit Union*, 87 F.3d 1537, 1545
13 (9th Cir. 1996)).
14    If the court grants a motion to dismiss a complaint, it must
15 then decide whether to grant leave to amend.  The Court should
16 "freely give[]" leave to amend when there is no "undue delay, bad
17 faith[,] dilatory motive on the part of the movant, . . . undue
18 prejudice to the opposing party by virtue of . . . the amendment,
19 [or] futility of the amendment. . . ."  Fed. R. Civ. P. 15(a);
20 *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Generally, leave to
21 amend is only denied when it is clear that the deficiencies of
22 the complaint cannot be cured by amendment.  *DeSoto v. Yellow*
23 *Freight Sys., Inc.,* 957 F.2d 655, 658 (9th Cir. 1992).
24 ///
25 ///
26 ///
27 ///
28 ///

## ANALYSIS

California Government Code Section 945.4 requires a plaintiff to present a claim before bringing a tort action against a public entity. Cal. Gov't Code §§ 945.4, 910, 905; *Dixon v. City of Livermore*, 127 Cal. App. 4th 32, 40 (2005). The purpose of this requirement is to provide the public entity sufficient information to enable it to adequately investigate claims and settle them, if appropriate, without the expense of litigation. *City of San Jose v. Superior Court*, 12 Cal. 3d 447, 455 (1974). A plaintiff may not bring a tort action against a public entity until the claim has been rejected. Cal. Gov't Code § 945.4.

A tort claim against a public entity must describe the "circumstances of the occurrence or transaction which gave rise to the claim asserted" and provide a "general description of the [injury]." Cal. Gov't Code § 910. If the claim is rejected and the plaintiff ultimately files a complaint against the public entity, the facts underlying each cause of action in the complaint must have been "fairly reflected" in the timely claim. *Stockett v. Ass'n of Cal. Water Agencies Joint Powers Ins. Auth.*, 99 P.3d 500, 503 (Cal. 2004). If they are not fairly reflected in the claim, the plaintiff is barred from raising the new causes of action in the complaint. *Id.*

However, the claim need not include every underlying fact and cause of action later alleged by the plaintiff in the complaint.

///

5

1  So long as the complaint is not based on an entirely different
2  set of facts, the factual background in the claim can provide
3  adequate notice to defendants: "where the complaint merely
4  elaborates or adds further detail to a claim, but is predicated
5  on the same fundamental actions or failures to act by defendants,
6  courts have generally found the claim fairly reflects the facts
7  pled in the complaint." *Stockett*, 99 P.3d at 503.  The test is
8  one of substantial compliance, not strict compliance.  *Johnson v.*
9  *San Diego Unified Sch. Dist.*, 217 Cal. App. 3d 692, 697 (1990).
10 The claims statutes are not intended to be "traps for the
11 unwary," and their requirements should be given a liberal
12 construction in order to permit full adjudication of the case on
13 its merits.  *Id.* (internal citations omitted).
14     Here, it is undisputed that Plaintiff filed a timely claim,
15 and that the City rejected it.  (Compl. Ex. A, Ex. B; Def.'s Mot.
16 Dismiss Attach. 1.)  Therefore, the issue is whether Plaintiff's
17 fifth through seventh causes of action are sufficiently related
18 to the filed Claim that Defendants had adequate notice to defend
19 against the fifth through seventh causes of action before
20 Plaintiff filed her Complaint.
21     In *White v. Superior Court*, 225 Cal App. 3d 1505 (1990), the
22 tort claim alleged that the plaintiff was beaten and falsely
23 arrested by a police officer.  Following rejection of that claim,
24 the plaintiff filed a complaint that included additional causes
25 of action alleging, among other things, negligent hiring,
26 training and retention, and intentional failure to train,
27 supervise, and discipline by the City of San Francisco.  *Id.*
28 ///

The *White* court rejected plaintiff's claim that these new causes of action were not fairly reflected in the claim filed with the City, reasoning that both the claim and complaint were premised on the same alleged mistreatment:

> Both Plaintiff's complaint and her claim were predicated on the same fundamental facts - Officer Sanford's alleged mistreatment of Plaintiff. The causes of action for negligent hiring, training, and retention and for failure to train, supervise and discipline merely sought to show the direct responsibility for Officer Sanford's conduct. Plaintiff did not shift the fundamental facts about her injury.

*Id.* at 1511.

The similarity between this case and *White* is striking. Plaintiff Colbert asserted the facts about her injury in her initial claim. (Def.'s Mot. Dismiss Attach. 1.) Her alleged mistreatment by Defendants Rohde and Micander is the "fundamental fact" underlying both her initial claim and the fifth through seventh causes of action; Defendants Rohde and Micander figure prominently in both Plaintiff's Claim and Complaint. (Compl. ¶¶ 14-33; Def.'s Mot. Dismiss Attach. 1.) As in *White*, the fifth through seventh causes of action seek to adjudicate responsibility for the police misconduct alleged by Plaintiff in her Complaint. By adding these causes of action, Plaintiff did not alter the fundamental assertions set forth in her Claim.[3]

---

[3] Both parties discuss *Fall River Joint Unified School District v. Superior Court of Shasta County*, 206 Cal. App. 3d 431 (1988), which is readily distinguishable from the instant case. As the *White* court stated:
> We realize that *Fall River* and this case are superficially similar in that both plaintiffs sought to add allegations of negligent supervision. But in *Fall River* the written claim blamed only the door, not the poorly supervised students, who were not even mentioned. Here, both the written claim and the lawsuit identified the police officer as the
> (continued...)

**CONCLUSION**

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

IT IS SO ORDERED.

DATED: August 8, 2006

_____
MORRISON C. ENGLAND, JR
UNITED STATES DISTRICT JUDGE

---

[3](...continued)
principal actor. *White*, 225 Cal. App. 3d at 1511. Similarly, Plaintiff Colbert clearly makes Defendants Rohde and Micander the focus of both her claim and her complaint.

It is also worth noting that the trend in California is clearly moving away from the line of cases represented by *Fall River*, and toward the more generous position encapsulated in *White*. *See, e.g., Dixon v. City of Livermore*, 127 Cal. App. 4th 32, 40 (2005) ("most recently, our Supreme Court has upheld the rule of *White*...").