UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SUSAN COLBERT,

No. 2:06-cv-1122-MCE-DAD

       Plaintiff,

       v.

MEMORANDUM AND ORDER

CITY OF NEVADA, a municipality,
LOU TROVATO, in his capacity as
Chief of Police for the CITY OF
NEVADA, BOB MICANDER,
individually and in his
capacity as a police officer
for the CITY OF NEVADA, PAUL
ROHDE, individually and in his
capacity as a police officer
for the CITY OF NEVADA CITY,
and DOES 1-100, inclusive,

       Defendant.

----oo0oo----

Through the present action, Plaintiff Susan Colbert ("Plaintiff") alleges that Defendants Lou Travato, Bob Micander, and Paul Rohde, individually and in their capacities as Nevada City Police Officers, and Defendant Nevada City ("Defendants") violated Plaintiff's civil rights under 42 U.S.C. § 1983 and rights under the Constitution of the State of California, and committed acts of negligence and assault and battery.

1

By stipulation, Plaintiff's claims of deliberate indifference and negligent training and supervision have been dismissed with prejudice.  Now before this Court is Defendant's Motion for Sanction to preclude Plaintiff from introducing expert testimony for failure to comply with this Court's Pretrial Scheduling Order and the provisions of Federal Rule of Civil Procedure 26(a)(2)(B).[1]

## BACKGROUND

The Pretrial Scheduling Order ("PTSO") in this case required disclosure of expert witnesses that each party proposed to tender at trial not later than April 20, 2007.  The PTSO also requires compliance with Fed. R. Civ. P. 26(a)(2)(B).

Plaintiff's treating physician, Dr. Garrett Ryle, was not disclosed as either a percipient or expert witness who would be testifying on behalf of Plaintiff until August 21, 2007, three months after the deadline.  Even then, Plaintiff's disclosure was not in compliance with Rule 26(a)(2)(B).

However, Defendants' disclosure, made April 20, 2007, names Dr. Ryle as a non-retained expert.  Further, the report of Defendants' retained expert, Dr. Edward Younger, III, includes a summary of his review and analysis of Dr. Ryle's treatment records regarding Plaintiff.

///

---

[1] Because oral argument will not be of material assistance, the Court orders this matter submitted on the briefs.  E.D. Cal. Local Rule 78-230(h).

Defendants therefore were aware, by the time of the disclosure deadline, of Plaintiff's treating physician and the medical records regarding Plaintiff's treatment as it relates to this action.

**STANDARD**

Rule 37(c)(1) of the Federal Rules of Civil Procedure provides, in relevant part that "[a] party that without substantial justification fails to disclose information required by Rule 26(a) ... is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed."  Fed. R. Civ. P. 37(c)(1).  "In addition to or in lieu of this sanction, the court, on motion and after affording an opportunity to be heard, may impose other appropriate sanctions."  These other sanctions may include the payment of reasonable expenses and attorney's fees caused by the failure, any of the sanctions authorized by Rule 37(b)(2)(A), (B), or (C), or informing the jury of the failure to make the disclosure.  Id.  The issuance of sanctions under Rule 37(c)(1) is left to the discretion of the court.  Yeti By Molly, Ltd. v. Deckers Outdoor Corp., 259 F.3d 1101, 1106 (9th Cir. 2001).

///
///
///
///
///

3

The sanctions to be imposed under Rule 37(c)(1) have been described as "self-executing" and "automatic."  <u>See</u> Advisory Committee Notes to Rule 37(c)(1993 Amendments) (stating that the rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without the need for a motion under subdivision (a)(2)(A)"); <u>see also</u> <u>Yeti By Molly, Ltd.</u>, 259 F.3d at 1106 (acknowledging that the sanction under Rule 37(c)(1) is "self-executing" and "automatic").

The text of Rule 37 also indicates, however, that consideration must be given to the harm, if any, caused by the alleged failure.  Fed. R. Civ. P. 37(c)(1); <u>see also</u> Advisory Committee Notes to Rule 37(c) (1993 Amendments) ("Limiting the automatic sanction to violations 'without substantial justification' coupled with the exception for violations that are 'harmless,' is needed to avoid unduly harsh penalties in a variety of situations.").  The Ninth Circuit has determined that the burden is on the party facing sanctions to prove harmlessness.  <u>Yeti By Molly, Ltd.</u>, 259 F.3d at 1107.

**ANALYSIS**

**1.   Governing Law**

Defendant brings this Motion for Sanction under Fed. R. Civ. P. 37(b)(2)(B) for Plaintiff's failure under Rule 26(a)(2)(B). The latter rule requires, *inter alia*, that the disclosure of expert testimony be accompanied by a written report containing a complete statement of all opinions to be expressed.

Rule 37(b)(2) directly applies, by its text, to failures under Rules 30(b)(6), 31(a), 35, and 26(f).  It is Rule 37(c)(1) that directly applies to failures pursuant to Rule 26(a), even though the former also selectively incorporates and includes relief available from Rule 37(b)(2)(B).  Although the distinction would not likely affect the outcome of this Court's ruling, due primarily to the discretion granted to courts in subdivision (b)(2) to "make such orders in regard to the failure as are just," the analysis herein will be based on Rule 37(c)(1).

**2.    Harmless Delay**

Plaintiff has shown that Defendant was reasonably informed both as to the presence of Dr. Ryle as a potential percipient or expert witness, and the basis for the opinions he may express at trial, namely the treatment records of Plaintiff.  Defendant, and Defendant's retained expert, Dr. Younger, have had ample time to review the medical charts created by Dr. Ryle in his treatment of Plaintiff.  Little or no unfair surprise is likely to occur as the result of Plaintiff's failure to comply fully with the Court's scheduling order.  Defendant is not likely to be "greatly hampered" in its ability to examine Dr. Ryle about his analysis of Plaintiff's treatment.  See Yeti by Molly Ltd., 259 F.3d at 1107.  Therefore, Plaintiff's failure to comply with Rule 26, to date, has been harmless, and not warranting of the unduly harsh sanction of excluding a principal witness upon which Plaintiff's case may rely.

///

1     **3.    Plaintiff's Compliance**

2

3     Plaintiff shall correct any non-compliance with this Court's

4 previous orders, including Rule 26(a), not later than Wednesday,

5 **October 17, 2007.**  Specifically, Plaintiff shall file a written

6 report, signed by Dr. Ryle, containing a complete statement of

7 all opinions to be expressed and the basis and reasons therefor,

8 the information used to form those opinions, and any exhibits to

9 be used in support for the opinions.

10     In addition, Plaintiff shall arrange for the deposition of

11 Dr. Ryle, which shall occur not later than November 9, 2007. In

12 light of the currently pending November 19, 2007 trial date,

13 Plaintiff and Defendant shall reach a mutually agreed to time and

14 location for said deposition.

15

16                   **CONCLUSION**

17     For the reasons stated above, Defendant's Motion for

18 Sanction Precluding Expert Testimony is DENIED.  Plaintiff shall

19 file a written report as stated above, and make Dr. Ryle

20 available for deposition not later than November 9, 2007 as

21 described above.

22     IT IS SO ORDERED.

23
 Dated: October 12, 2007
24

25

26                  MORRISON C. ENGLAND, JR.

27                  UNITED STATES DISTRICT JUDGE

28